N THE DISTRICT COURT OF  WYANDOTTE COUNTY, KANSAS
CIVIL COURT DEPARTMENT

Lee C. Feil, Betty Parks, Audra Miller,
Dawn Rottinghaus, Connie Pontius,                   Case No. QCCV K189
John Donaldson and Michelle Donaldson

                    Plaintiffs                       KSA Chap 60
                                                     Court No.  5
vs.

MBNA AMERICA BANK, N.A.
and WOLPOFF & ABRAMSON, LLP

            Defendants

## SUMMONS

To Defendant Wolpoff & Abramson, LLP:

        YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court.

You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's

attorney, as follows:

            Name        David E. Herron II
            Address:    PO Box 2778
                        Kansas City, KS 66110
            Phone:      (913) 371-7011
            Fax:        (913) 233-1600

        within thirty (30) days after service of this Summons upon you.   If you fail to do so,

judgment by default will be taken against you for the relief demanded in the attached petition, which

is incorporated herein by reference. Any responsive pleading you file may state as a counterclaim

any related claim which you may have against plaintiff.

                                        Clerk of the District Court
                                                        KATHLEEN M. COLLINS

(SEAL)

                                        By
                                                        Deputy

Dated:  09/23/05

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CIVIL COURT DEPARTMENT

Lee C. Feil, Betty Parks, Audra Miller,
Dawn Rottinghaus, Connie Pontius,                    Case No. 05 CV 1489
John Donaldson and Michelle Donaldson

              Plaintiffs                             KSA Chap 60
vs.                                                  Court No.  5

MBNA AMERICA BANK, N.A.
and WOLPOFF & ABRAMSON, LLP

(Defendants served by counsel)

              Defendants

PETITION FOR DAMAGES

The Plaintiffs state as follows:

1.    The Plaintiffs Lee C. Feil, Betty Parks, Audra Miller, Dawn Rottinghaus,
Connie Pontious, John Donaldson and Michelle Donaldson are individuals who reside in
Kansas.  The word "Plaintiffs" as used herein, shall apply to each Plaintiff named above.

2.    The Defendant MBNA America Bank, N.A. [hereinafter, MBNA] is a
National Banking Association with a principal place of business in Delaware, and has no
offices or locations in Kansas.  In the ordinary course of its business, Defendant MBNA
solicits consumers to enter consumer credit agreements.  Additionally, Defendant MBNA
acts to enforce consumer credit transactions.

3.    The Defendant Wolpoff & Abramson, LLP [hereinafter, W&A] is a law
firm primarily located in Maryland and has no offices or locations in Kansas.
Defendant Wolpoff & Abramson engages in a business that engages in the enforcement
of consumer transactions.

4.    Within the State of Kansas, the Defendants MBNA and W&A, and each of
them, entered respective consumer transactions (as defined by KSA 50-624) with the
Plaintiffs, and each of them.  The consumer transactions include, but are not limited to,
the following:

        a.    the solicitation of Plaintiffs to enter a consumer credit
              agreement;

        b.    the sale of goods and services on credit to Plaintiffs;

    c.     providing consumer credit to the Plaintiffs;

    d.     the delivery of services or value to the Plaintiffs;

    e.     actions taken to secure enforcement of a respective consumer credit agreement entered by a respective Plaintiff.

5.     Defendant MBNA committed deceptive acts in connection with the extension of consumer credit to each of the Plaintiffs.   These deceptive acts include the misrepresentation of the character and amount of the funds owed by Plaintiffs to Defendant MBNA.



6     Defendant MBNA  committed deceptive acts in connection with the enforcement of a respective consumer credit agreement that existed between MBNA and a respective Plaintiff.  These deceptive acts include the misrepresentation of the character and amount of funds owed by Plaintiffs to Defendant MBNA.

7.     Defendant W&A committed deceptive acts in connection with the enforcement of a respective consumer credit agreement that was entered by each respective Plaintiff.  These deceptive acts include the misrepresentation of the character and amount of funds owed to Defendant MBNA under a respective credit agreement entered by a respective Plaintiff.

8.     The Defendant MBNA committed the following deceptive acts that pertain to the solicitation, maintenance, and enforcement of a consumer credit agreement:

    a.     assessed attorney's fees  against each respective Plaintiff, even though Defendant MBNA was not represented by a duly licensed attorney;

    b.     conspired with Defendant W&A to commit the unauthorized practice of law in Kansas by retaining the W&A law firm to represent MBNA before Arbitration hearings that took place in Kansas;

    c.     represented to Plaintiffs that its representatives were authorized to practice law in Kansas, when indeed MBNA's representatives were not authorized to practice law in Kansas;

    d.     assessed attorney's fees against Plaintiffs that exceeded Kansas maximums;

e.    threatened to assess against Plaintiffs attorney's fees in an amount that exceeded Kansas restrictions;

f.    submitted disputes arising under a consumer credit agreement to binding arbitration for an arbitration hearing that took place in Kansas, even though MBNA did not retain counsel authorized to do so;

g.    falsely represented to the Plaintiffs that MBNA had the approval, status, affiliation or connection that it did not have;

h.    falsely represented to the Plaintiffs that MBNA and its agents had the approval, status, or affiliation or connection that it did not have;

i.    falsely represented to the Plaintiffs that MBNA and its agents had the approval or status of the licensing authority overseeing the practice of law within Kansas, when in fact neither MBNA nor its agents have the proper license to practice law within the State of Kansas;

j.    falsely represented to the Plaintiffs that MBNA and its agents had the approval or status of the licensing authority overseeing the practice of law within Kansas, when in fact neither MBNA nor its agents have the proper license to represent MBNA before an arbitrator located within the State of Kansas;

k.    threatened to assess unauthorized charges against Plaintiffs, thereby misrepresenting and deceiving the Plaintiffs;

l     assessing unauthorized charges against Plaintiffs, thereby misrepresenting and deceiving the Plaintiffs.

9.    The Defendant W&A committed the following deceptive acts that pertain to the enforcement of a consumer credit agreement:

a.    assessed attorney's fees against each respective Plaintiff, even though Defendant MBNA was not represented by a duly licensed attorney;

b.    committed the unauthorized practice of law by drafting and submitting legal papers that required legal judgment, legal discernment, and legal knowledge to investigate, research, and prepare. Said legal papers pertained to an arbitration hearing that took place within Kansas.

c.    represented to Plaintiffs that it was authorized to practice law in Kansas, when in fact no attorney with W&A is authorized to practice law in Kansas;

d.    assessed attorney's fees against Plaintiffs that exceeded Kansas maximums;

e.    threatened to assess against Plaintiffs attorney's fees in an amount that exceeded Kansas restrictions;

f.    submitted disputes arising under a consumer credit agreement to binding arbitration before an arbitration hearing that took place in Kansas

g.    falsely represented to the Plaintiffs that W&A had the approval, status, affiliation or connection that it did not have;

h.    falsely represented to the Plaintiffs that W&A did not need to be licensed to practice law in Kansas in order to represent MBNA in an arbitration proceeding that occurred in Kansas, when in fact Kansas law requires one to be a member of the Kansas bar in order to represent another in an arbitration that occurs in Kansas;

i.    falsely represented to the Plaintiffs that MBNA and its agents had the approval of the licensing authority overseeing the practice of law within Kansas, when in fact no person with W&A has a proper license to practice law within the State of Kansas;

j.    falsely represented to the Plaintiffs that W&A had the approval or status of the licensing authority overseeing the practice of law within Kansas, when in fact W&A lacks proper license to represent MBNA before an arbitrator located within the State of Kansas;

k.   threatened to assess   unauthorized charges against Plaintiffs, thereby misrepresenting and deceiving the Plaintiffs;

l    assessing unauthorized charges against Plaintiffs, thereby misrepresenting and deceiving the Plaintiffs;

m.   in the course of a consumer transaction (as defined by Kansas Statute) with Plaintiffs, threatened to assess unauthorized charges against Plaintiffs, thereby misrepresenting and deceiving the Plaintiffs;

n.   in the course of a consumer transaction (as defined by Kansas Statute) with Plaintiffs, assessed unauthorized charges against Plaintiffs, thereby misrepresenting and deceiving the Plaintiffs.

10.   The Defendant MBNA committed the following acts:

a.   took advantage of the Plaintiffs' inability to protect the Plaintiffs interests because of the consumer's ignorance or inability to understand the language of a consumer credit agreement;

b.   included provisions in the Plaintiffs' consumer credit agreements which MBNA knew would be of no benefit to the Plaintiffs;

c.   induced Plaintiffs to enter consumer credit agreements that were excessively one-sided in favor of MBNA;

d.   in the course and scope of the enforcement of a consumer credit agreement, assessed fees and charges that Plaintiffs were unable to pay; and,

e.   took advantage of the Plaintiffs' inability to protect the Plaintiffs' interests because of the consumer's ignorance of the restrictions governing the practice of law within Kansas, and how the restrictions governing the practice of law pertain to the language of a consumer credit agreement.

11.   In the solicitation for entry into a credit agreement, the maintentance of a credit agreement, and enforcement of a consumer credit agreement, the Defendant MBNA committed unconscionable acts that deceived and misled the Plaintiffs as to the Plaintiffs legal rights and available remedies, and further deceived and misled the

Plaintiffs as to the character and amount of the Plaintiffs' respective indebtedness. Said unconscionable acts include, but are not limited to, the specific acts set forth herein.

12.    The Defendant W&A committed the following acts:

a.    took advantage of the Plaintiffs' inability to protect the Plaintiffs interests because of the consumer's ignorance or inability to understand the language of a consumer credit agreement;

b.    attempted to enforce provisions in the Plaintiffs' consumer credit agreements which MBNA knew would be of no benefit to the Plaintiffs;

c.    sought enforcement of consumer credit agreements that were excessively one-sided in favor of MBNA;

d.    in the course and scope of the enforcement of a consumer credit agreement, assessed fees and charges that Plaintiffs were unable to pay;

e.    assessed charges against the Plaintiffs that were neither allowed by law, nor permitted under a consumer credit agreement.

f.    threatened to assess charges against Plaintiffs that were neither authorized nor permitted.

g.    compelled the Plaintiffs herein to arbitrate a dispute arising under consumer credit agreement, even though the Plaintiffs had not entered a valid and binding written agreement to arbitrate disputes arising from a consumer credit agreement.

h.    took advantage of the Plaintiffs' inability to protect the Plaintiffs interests because of the consumer's ignorance of Kansas law governing the unauthorized practice of law, and further taking advantage of the Plaintiffs' ignorance as to how said Kansas law pertains to the enforcement of the language of a consumer credit agreement.

13.     Plaintiffs have been required to spend money for reasonable attorney's fees in conjunction with the acts and omissions of Defendants herein set forth, and further in the prosecution of this action.

14.     The actions of W&A, as herein set forth, have been willful, intentional, and purposeful. W&A knew that its actions violated Kansas law, and proceeded to act as set forth herein with full awareness that their actions violated Plaintiffs' rights under Kansas law. Alternatively, Defendant W&A failed to contact Legal Ethics Counsel for an opinion as to whether the act of preparing, filing, and arguing papers in an Arbitration proceeding for a hearing that takes place within Kansas constitutes the practice of law within the State of Kansas. This failure to seek an opinion from Legal Ethics Counsel constitutes a conscious and willful disregard of the Plaintiffs' rights and protections under the law.

15.     The actions of MBNA as herein set forth, have been willful, intentional, and purposeful. MBNA knew that its actions violated Plaintiffs rights, yet proceeded to act as set forth herein. Alternatively, Defendant MBNA failed to contact Legal Ethics Counsel for an opinion as to whether the act of preparing, filing, and arguing papers in an Arbitration proceeding for a hearing that takes place within Kansas constitutes the practice of law within the State of Kansas. This failure to seek an opinion from Kansas Legal Ethics Counsel constitutes a conscious and willful disregard of the Plaintiffs' rights and protections under the law.

WHEREFORE, Plaintiffs, and each of them, pray for the following relief:

a.     declaration that the actions of MBNA violate the Kansas Consumer Protection Act;

b.     an order enjoining MBNA from continuing the unconscionable, deceptive, and misleading practices set forth herein;

c.     civil penalties against MBNA as follows:

1     in the amount of $20,000.00 per willful and intentional violation; and/or

2.     in the amount of $10,000.00 per violation;

       d.      an order requiring MBNA to pay Plaintiffs reasonable investigation and attorney's fees herein incurred;

       e.      declaration that the actions of W&A violate the Kansas Consumer Protection Act;

       f.      an order enjoining W&A from continuing the unconscionable, deceptive, and misleading practices set forth herein;

       g.      an order declaring that W&A's actions, as herein set forth, constitute the unauthorized practice of law in Kansas;

       h.      civil penalties against W&A

          1      in the amount of  $20,000.00 per willful  and intentional violation; or,

          2      in the amount of $10,000.00 per violation;

       i.      an order requiring W&A to pay Plaintiffs' reasonable investigation and attorney's fees herein incurred.

Respectfully,

David E. Herron II #15783
PO Box 2778
Kansas City KS 66110
(913) 371-7011
FAX (913) 233-1600
ATTORNEY FOR PLAINTIFFS


JURY DEMAND

The Plaintiffs request a trial to a jury on all issues so triable.

David E. Herron II #15783

N THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CIVIL COURT DEPARTMENT

Lee C. Feil, Betty Parks, Audra Miller,
Dawn Rottinghaus, Connie Pontius,
John Donaldson and Michelle Donaldson

Case No. 05 CV 1489

            Plaintiffs

KSA Chap 60
Court No. 5

vs.

MBNA AMERICA BANK, N.A.
and WOLPOFF & ABRAMSON, LLP

         Defendants

## FIRST INTERROGATORIES TO DEFENDANT WOLPOFF & ABRAMSON

Per KSA 60-233, the Plaintiffs propound the following interrogatories to Defendant Wolpoff & Abramson LLP

1.     For the person answering these interrogatories on behalf of Wolpoff & Abramson [also referred to herein as W&A], please give:

       a.     your name;
       b.     present title or position with the company;
       c.     all positions with the company, and dates each position was held.

ANSWER:

2.     At any time between January of 2001 and the present time, has Wolpoff & Abramson, LLP employed any associate attorneys, of-counsel attorneys, or partners who held a Kansas law license?

ANSWER:

☐    YES        ☐    NO

3.      Were any of the following persons employed by Wolpoff & Abramson, LLP

    a.      the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Lee C. Feil;

    b.      the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Betty Parks;

    c.      the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Audra Miller;

    d.      the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Dawn Rottinghaus;

    e.      the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Connie Pontious;

    f       the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff John Donaldson;

    g.      the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Michelle Donaldson.

ANSWER

4..     Were any of the following persons   members of the Kansas bar:

    a.      the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Lee C. Feil;

    b.      the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Betty Parks;

    c.      the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Audra Miller;

    d.      the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Dawn Rottinghaus;

    e.      the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Connie Pontious;

    f       the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff John Donaldson;

    g.      the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Michelle Donaldson.

ANSWER

5.      For each of the following, please tell where (state of the Union is sufficiently particular) the following hearings took place:

    a.      hearing on the Arbitration Claim in favor of MBNA and Against Plaintiff Lee C. Feil;

    b.      hearing on the Arbitration Claim in favor of MBNA and Against Plaintiff Betty Parks;

    c.      hearing on the  Arbitration Claim in favor of MBNA and Against Plaintiff Audra Miller;

    d.      hearing on the   Arbitration Claim in favor of MBNA and Against Plaintiff Dawn Rottinghaus;

    e.      hearing on the  Arbitration Claim in favor of MBNA and Against Plaintiff Connie Pontious;

    f       hearing on the   Arbitration Claim in favor of MBNA and Against Plaintiff John Donaldson;

    g.      hearing on the  Arbitration Claim in favor of MBNA and Against Plaintiff Michelle Donaldson.

**ANSWER**

6.      Please tell whether the arbitration claim filed against Plaintiff Lee C. Feil included the phrase:  *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees.  Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

    **ANSWER:**

        ☐      YES          ☐      NO

7       Please tell whether the arbitration claim filed against Plaintiff Betty Parks included the phrase:  *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees.  Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

    **ANSWER:**

        ☐      YES          ☐      NO

8.    Please tell whether the arbitration claim filed against Plaintiff Audra Miller included the phrase: *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees. Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER:

☐    YES                    ☐    NO

9    Please tell whether the arbitration claim filed against Plaintiff Dawn Rottinghaus included the phrase: *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees. Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER:

☐    YES                    ☐    NO

10..    Please tell whether the arbitration claim filed against Plaintiff Connie Pontious included the phrase: *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees. Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER:

☐    YES                    ☐    NO

11.    Please tell whether the arbitration claim filed against Plaintiff John Donaldson included the phrase: *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees. Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER:

☐    YES                    ☐    NO

12.    Please tell whether the arbitration claim filed against Plaintiff Michelle Donaldson included the phrase: *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees. Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER                    ☐    YES                    ☐    NO

13.     Has any attorney or member of Wolpoff & Abramson LLP ever contacted Kansas Legal Ethics Counsel with the Kansas Disciplinary Counsel for an opinion as to whether the representation of MBNA America Bank before an arbitrator constitutes the practice of law, as defined by Kansas authority?

ANSWER          ☐   YES                    ☐   NO

14.     If you answered the previous question in the affirmative, please describe and identify the communication (i.e., letter, e-mail, telephone call, etc.)  and give the dates thereof.

ANSWER:

15.     Has any attorney or member of Wolpoff & Abramson LLP ever contacted Kansas Attorney General or an opinion as to whether the representation of MBNA America Bank before an arbitrator constitutes the practice of law, as defined by Kansas authority?

ANSWER          ☐   YES                    ☐   NO

16.     If you answered the previous question in the affirmative, please describe and identify the communication (i.e., letter, e-mail, telephone call, etc.)  and give the dates thereof.

ANSWER:

17.     Please tell whether   Wolpoff & Abramson, LLP had any attorneys who were members of the Kansas Bar at the time Plaintiffs' cases ( any of them) were sent to arbitration.

ANSWER:         ☐   YES                    ☐   NO

18.     Please tell whether Wolpoff & Abramson has any insurance policy, surety bond, or any indemnity agreement whatsoever that would defend or indemnify Defendant Wolpoff & Abramson rom the claims Plaintiffs have brought in the instant case.

ANSWER          ☐     YES          ☐     NO

19.     Does Wolpoff & Abramson carry Wolpoff & Abramson carry legal malpractice insurance?

ANSWER:          ☐     YES          ☐     NO

20      Please disclose the name, address, and telephone number of each Kansas resident (at the time of the initiation of an arbitration claim) that Wolpoff & Abramson has brought an arbitration action against for the period of December 1, 2004 through the present date.  For each Kansas consumer so listed, please further disclose the creditor for whom Wolpoff & Abramson initiated the arbitration, the principal balance (if any) awarded by the arbitrator, and the attorney's fees (if any) assessed by the arbitrator and against the consumer.

**ANSWER**

21.     For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Lee C. Feil, please tell:

        a.     The principal balance of the award;

        b.     the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

     ANSWER:


22.     For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Betty Parks, please tell:

        a.     The principal balance of the award;

        b.     the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

     ANSWER:


23      For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Audra Miller, please tell:

        a.     The principal balance of the award;

        b.     the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

     ANSWER:


24.     For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Dawn Rottinghausl, please tell:

        a.     The principal balance of the award;

        b.     the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

ANSWER:

25    For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Connie Pontious, please tell:

    a.    The principal balance of the award;

    b.    the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

ANSWER:

26    For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff John Donaldson, please tell:

    a.    The principal balance of the award;

    b.    the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

ANSWER:

27    For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Michelle Donaldson, please tell:

    a.    The principal balance of the award;

    b.    the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

ANSWER:

28.     Please tell the name, title or position, and length of tenure with W&A of the person or persons who made the decision to have a non-Kansas attorney sign an arbitration claim to collect on Plaintiff Lee C. Feil's MBNA America Account.

ANSWER:

29.     Please tell the name, title or position, and length of tenure with W&A of the person or persons who made the decision to have a non-Kansas attorney sign an arbitration action to collect on Plaintiff Betty Parks's MBNA America Account.

ANSWER:

30      Please tell the name, title or position, and length of tenure with W&A of the person or persons who made the decision to have a non-Kansas attorney sign an arbitration action to collect on Plaintiff Audra Miller's MBNA America Account.

ANSWER:

31.     Please tell the name, title or position, and length of tenure with W&A of the person or persons who made the decision to have a non-Kansas attorney sign an arbitration action to collect on Plaintiff Dawn Rottinghaus MBNA America Account.

ANSWER:

32.     Please tell the name, title or position, and length of tenure with W&A of the person or persons who  made the decision to have  a non-Kansas attorney sign an arbitration action to collect on Plaintiff Connie Pontious MBNA America Account.

ANSWER:

33.     Please tell the name, title or position, and length of tenure with W&A of the person or persons who  made the decision to have  a non-Kansas attorney sign an arbitration action to collect on Plaintiff John Donaldson's MBNA America Account.

ANSWER:

34.     Please tell the name, title or position, and length of tenure with W&A of the person or persons who  made the decision to have a non-Kansas attorney sign an arbitration action to collect on Plaintiff Michelle Donaldson's MBNA America Account.

ANSWER:

## VERIFICATION

STATE OF _____ )
                                  ) ss.
COUNTY OF _____ )

      Under the penalty of perjury, I hereby affirm that I have each of the above and foregoing answers is true and correct to the best of my knowledge and belief.

WOLPOFF & ABRAMSON, LLP

By:_____
          Printed Name:

Subscribed and sworn to before me this _____ day of _____, 2005.

_____
Notary Public

N THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CIVIL COURT DEPARTMENT

Lee C. Feil, Betty Parks, Audra Miller,
Dawn Rottinghaus, Connie Pontius,
John Donaldson and Michelle Donaldson

        Plaintiffs

vs.

MBNA AMERICA BANK, N.A.
and WOLPOFF & ABRAMSON, LLP

        Defendants

Case No. 05 CV 1489

KSA Chap 60
Court No. 5

## FIRST INTERROGATORIES TO DEFENDANT WOLPOFF & ABRAMSON

Per KSA 60-233, the Plaintiffs propound the following interrogatories to Defendant Wolpoff & Abramson LLP

1.    For the person answering these interrogatories on behalf of Wolpoff & Abramson [also referred to herein as W&A], please give:

    a.    your name;
    b.    present title or position with the company;
    c.    all positions with the company, and dates each position was held.

ANSWER:

2.    At any time between January of 2001 and the present time, has Wolpoff & Abramson, LLP employed any associate attorneys, of-counsel attorneys, or partners who held a Kansas law license?

ANSWER:

☐    YES        ☐    NO

Oct-03-05   12:05pm   From-

3.     Were any of the following persons employed by Wolpoff & Abramson, LLP

    a.    the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Lee C. Feil;

    b.    the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Betty Parks;

    c.    the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Audra Miller;

    d.    the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Dawn Rottinghaus;

    e.    the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Connie Pontious;

    f    the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff John Donaldson;

    g.    the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Michelle Donaldson.

ANSWER

4.     Were any of the following persons   members of the Kansas bar:

    a.    the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Lee C. Feil;

    b.    the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Betty Parks;

    c.    the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Audra Miller;

    d.    the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Dawn Rottinghaus;

    e.    the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Connie Pontious;

    f    the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff John Donaldson;

    g.    the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Michelle Donaldson.

ANSWER

5.   For each of the following, please tell where (state of the Union is sufficiently particular) the following hearings took place:

a.   hearing on the Arbitration Claim in favor of MBNA and Against Plaintiff Lee C. Feil;

b.   hearing on the Arbitration Claim in favor of MBNA and Against Plaintiff Betty Parks;

c.   hearing on the  Arbitration Claim in favor of MBNA and Against Plaintiff Audra Miller;

d.   hearing on the   Arbitration Claim in favor of MBNA and Against Plaintiff Dawn Rottinghaus;

e.   hearing on the  Arbitration Claim in favor of MBNA and Against Plaintiff Connie Pontious;

f.   hearing on the  Arbitration Claim in favor of MBNA and Against Plaintiff John Donaldson;

g.   hearing on the  Arbitration Claim in favor of MBNA and Against Plaintiff Michelle Donaldson.

**ANSWER**

6.   Please tell whether the arbitration claim filed against Plaintiff Lee C. Feil included the phrase: *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees. Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER:

☐   YES          ☐   NO

7   Please tell whether the arbitration claim filed against Plaintiff Betty Parks included the phrase: *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees. Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER:

☐   YES          ☐   NO

8.      Please tell whether the arbitration claim filed against Plaintiff Audra Miller included the phrase: *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees. Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER:

☐  YES                    ☐  NO

9       Please tell whether the arbitration claim filed against Plaintiff Dawn Rottinghaus included the phrase: *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees. Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER:

☐  YES                    ☐  NO

10..    Please tell whether the arbitration claim filed against Plaintiff Connie Pontious included the phrase: *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees. Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER:

☐  YES                    ☐  NO

11.     Please tell whether the arbitration claim filed against Plaintiff John Donaldson included the phrase: *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees. Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER:

☐  YES                    ☐  NO

12.     Please tell whether the arbitration claim filed against Plaintiff Michelle Donaldson included the phrase: *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees. Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER        ☐  YES            ☐  NO

13.    Has any attorney or member of Wolpoff & Abramson LLP ever contacted Kansas Legal Ethics Counsel with the Kansas Disciplinary Counsel for an opinion as to whether the representation of MBNA America Bank before an arbitrator constitutes the practice of law, as defined by Kansas authority?

ANSWER          ☐    YES                    ☐    NO

14.    If you answered the previous question in the affirmative, please describe and identify the communication (i.e., letter, e-mail, telephone call, etc.) and give the dates thereof.

ANSWER:

15.    Has any attorney or member of Wolpoff & Abramson LLP ever contacted Kansas Attorney General or an opinion as to whether the representation of MBNA America Bank before an arbitrator constitutes the practice of law, as defined by Kansas authority?

ANSWER          ☐    YES                    ☐    NO

16.    If you answered the previous question in the affirmative, please describe and identify the communication (i.e., letter, e-mail, telephone call, etc.) and give the dates thereof.

ANSWER:

17.    Please tell whether  Wolpoff & Abramson, LLP had any attorneys who were members of the Kansas Bar at the time Plaintiffs' cases ( any of them) were sent to arbitration.

ANSWER:          ☐    YES                    ☐    NO

18.    Please tell  whether Wolpoff & Abramson  has any insurance policy, surety bond, or any indemnity agreement whatsoever that would defend or indemnify Defendant Wolpoff & Abramson rom the claims Plaintiffs have brought in the instant case.

ANSWER            ☐    YES            ☐    NO

19.    Does Wolpoff & Abramson carry Wolpoff & Abramson carry legal malpractice insurance?

ANSWER:            ☐    YES            ☐    NO

20      Please disclose the name, address, and telephone number of each Kansas resident (at the time of the initiation of an arbitration claim) that Wolpoff & Abramson has brought an arbitration action against for the period of December 1, 2004 through the present date.  For each Kansas consumer so listed, please further disclose the creditor for whom Wolpoff & Abramson initiated the arbitration, the principal balance (if any) awarded by the arbitrator, and the attorney's fees (if any) assessed by the arbitrator and against the consumer.

ANSWER

21.    For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Lee C. Feil, please tell:

      a.    The principal balance of the award;

      b.    the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

      ANSWER:

22.    For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Betty Parks, please tell:

      a.    The principal balance of the award;

      b.    the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

      ANSWER:

23    For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Audra Miller, please tell:

      a.    The principal balance of the award;

      b.    the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

      ANSWER:

24.    For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Dawn Rottinghausl, please tell:

      a.    The principal balance of the award;

      b.    the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

ANSWER:

     25     For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Connie Pontious, please tell:

     a.     The principal balance of the award;

     b.     the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

     ANSWER:

     26     For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff John Donaldson, please tell:

     a.     The principal balance of the award;

     b.     the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

     ANSWER:

     27     For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Michelle Donaldson, please tell:

     a.     The principal balance of the award;

     b.     the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

     ANSWER:

28.      Please tell the name, title or position, and length of tenure with W&A of the person or persons who made the decision to have a non-Kansas attorney sign an arbitration claim to collect on Plaintiff Lee C. Feil's MBNA America Account.

ANSWER:

29.      Please tell the name, title or position, and length of tenure with W&A of the person or persons who made the decision to have a non-Kansas attorney sign an arbitration action to collect on Plaintiff Betty Parks's MBNA America Account.

ANSWER:

30      Please tell the name, title or position, and length of tenure with W&A of the person or persons who made the decision to have a non-Kansas attorney sign an arbitration action to collect on Plaintiff Audra Miller's MBNA America Account.

ANSWER:

31.      Please tell the name, title or position, and length of tenure with W&A of the person or persons who made the decision to have a non-Kansas attorney sign an arbitration action to collect on Plaintiff Dawn Rottinghaus MBNA America Account.

ANSWER:

32.    Please tell the name, title or position, and length of tenure with W&A of the person or persons who  made the decision to have  a non-Kansas attorney sign an arbitration action to collect on Plaintiff Connie Pontious MBNA America Account.

ANSWER:

33.    Please tell the name, title or position, and length of tenure with W&A of the person or persons who  made the decision to have  a non-Kansas attorney sign an arbitration action to collect on Plaintiff John Donaldson's MBNA America Account.

ANSWER:

34.    Please tell the name, title or position, and length of tenure with W&A of the person or persons who  made the decision to have a non-Kansas attorney sign an arbitration action to collect on Plaintiff Michelle Donaldson's MBNA America Account.

ANSWER:

Oct-03-05   12:08pm   From-                                   T-133   P.035/048   F-287

VERIFICATION

STATE OF _____ )
                           ) ss.
COUNTY OF _____ )

    Under the penalty of perjury, I hereby affirm that I have each of the above and foregoing answers is true and correct to the best of my knowledge and belief.

WOLPOFF & ABRAMSON, LLP

By:_____
    Printed Name:

Subscribed and sworn to before me this ____ day of _____, 2005.

_____
Notary Public

## N THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

Lee C. Fell, Betty Parks, Audra Miller,          Case No. 05 CV 1489
Dawn Rottinghaus, Connie Pontius,
John Donaldson and Michelle Donaldson

        Plaintiffs                KSA Chap 60
                                   Court No. 5
vs.

MBNA AMERICA BANK, N.A.
and WOLPOFF & ABRAMSON, LLP

        Defendants

## FIRST INTERROGATORIES TO DEFENDANT WOLPOFF & ABRAMSON

      Per KSA 60-233, the Plaintiffs propound the following interrogatories to Defendant Wolpoff & Abramson LLP

    1.    For the person answering these interrogatories on behalf of Wolpoff & Abramson [also referred to herein as W&A], please give:

        a.    your name;
        b.    present title or position with the company;
        c.    all positions with the company, and dates each position was held.

ANSWER:

    2.    At any time between January of 2001 and the present time, has Wolpoff & Abramson, LLP employed any associate attorneys, of-counsel attorneys, or partners who held a Kansas law license?

ANSWER:

        ☐    YES               ☐    NO

3.  Were any of the following persons employed by Wolpoff & Abramson, LLP

a.  the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Lee C. Feil;
b.  the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Betty Parks;
c.  the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Audra Miller;
d.  the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Dawn Rottinghaus;
e.  the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Connie Pontious;
f   the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff John Donaldson;
g.  the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Michelle Donaldson.

ANSWER

4..  Were any of the following persons   members of the Kansas bar:

a.  the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Lee C. Feil;
b.  the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Betty Parks;
c.  the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Audra Miller;
d.  the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Dawn Rottinghaus;
e.  the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Connie Pontious;
f   the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff John Donaldson;
g.  the person(s) who signed the Arbitration Claim in favor of MBNA and Against Plaintiff Michelle Donaldson.

ANSWER

5.    For each of the following, please tell where (state of the Union is sufficiently particular) the following hearings took place:

    a.    hearing on the Arbitration Claim in favor of MBNA and Against Plaintiff Lee C. Feil;

    b.    hearing on the Arbitration Claim in favor of MBNA and Against Plaintiff Betty Parks;

    c.    hearing on the Arbitration Claim in favor of MBNA and Against Plaintiff Audra Miller;

    d.    hearing on the Arbitration Claim in favor of MBNA and Against Plaintiff Dawn Rottinghaus;

    e.    hearing on the Arbitration Claim in favor of MBNA and Against Plaintiff Connie Pontious;

    f    hearing on the Arbitration Claim in favor of MBNA and Against Plaintiff John Donaldson;

    g.    hearing on the Arbitration Claim in favor of MBNA and Against Plaintiff Michelle Donaldson.

**ANSWER**

6.    Please tell whether the arbitration claim filed against Plaintiff Lee C. Feil included the phrase:  *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees. Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

    **ANSWER:**

        ☐   YES        ☐   NO

7    Please tell whether the arbitration claim filed against Plaintiff Betty Parks included the phrase:  *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees. Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

    **ANSWER:**

        ☐   YES        ☐   NO

Oct-03-05   12:09pm   From-

8.      Please tell whether the arbitration claim filed against Plaintiff Audra Miller included the phrase: *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees. Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER:

☐   YES          ☐   NO

9       Please tell whether the arbitration claim filed against Plaintiff  Dawn Rottinghaus included the phrase:  *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees.  Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER:

☐   YES          ☐   NO

10..      Please tell whether the arbitration claim filed against Plaintiff Connie Pontious included the phrase:  *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees.  Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER:

☐   YES          ☐   NO

11.      Please tell whether the arbitration claim filed against Plaintiff John Donaldson included the phrase:  *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees.  Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER:

☐   YES          ☐   NO

12.      Please tell whether the arbitration claim filed against Plaintiff  Michelle Donaldson included the phrase: *"The attached Agreement contains a Delaware choice of law provision and a provision for "reasonable" attorney's fees.  Delaware law specifically provides that an attorney fee may be awarded in an amount up to 20% of the unpaid balance on an unpaid claim if allowed by law."*

ANSWER          ☐   YES          ☐   NO

13.     Has any attorney or member of Wolpoff & Abramson LLP ever contacted Kansas Legal Ethics Counsel with the Kansas Disciplinary Counsel for an opinion as to whether the representation of MBNA America Bank before an arbitrator constitutes the practice of law, as defined by Kansas authority?

ANSWER          ☐     YES                    ☐     NO

14.     If you answered the previous question in the affirmative, please describe and identify the communication (i.e., letter, e-mail, telephone call, etc.)  and give the dates thereof.

ANSWER:

15.     Has any attorney or member of Wolpoff & Abramson LLP ever contacted Kansas Attorney General or an opinion as to whether the representation of MBNA America Bank before an arbitrator constitutes the practice of law, as defined by Kansas authority?

ANSWER          ☐     YES                    ☐     NO

16.     If you answered the previous question in the affirmative, please describe and identify the communication (i.e., letter, e-mail, telephone call, etc.)  and give the dates thereof.

ANSWER:

17.     Please tell whether  Wolpoff & Abramson, LLP had any attorneys who were members of the Kansas Bar at the time Plaintiffs' cases ( any of them) were sent to arbitration.

ANSWER:          ☐     YES                    ☐     NO

18.     Please tell  whether Wolpoff & Abramson  has any insurance policy, surety bond, or any indemnity agreement whatsoever that would defend or indemnify Defendant Wolpoff & Abramson rom the claims Plaintiffs have brought in the instant case.

ANSWER            ☐     YES              ☐     NO

19.     Does Wolpoff & Abramson carry Wolpoff & Abramson carry legal malpractice insurance?

ANSWER:           ☐     YES              ☐     NO

20      Please disclose the name, address, and telephone number of each Kansas resident (at the time of the initiation of an arbitration claim) that Wolpoff & Abramson has brought an arbitration action against for the period of December 1, 2004 through the present date.  For each Kansas consumer so listed, please further disclose the creditor for whom Wolpoff & Abramson initiated the arbitration, the principal balance (if any) awarded by the arbitrator, and the attorney's fees (if any) assessed by the arbitrator and against the consumer.

ANSWER

21.     For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Lee C. Feil, please tell:

      a.     The principal balance of the award;

      b.     the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

ANSWER:


22.     For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Betty Parks, please tell:

      a.     The principal balance of the award;

      b.     the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

ANSWER:


23      For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Audra Miller, please tell:

      a.     The principal balance of the award;

      b.     the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

ANSWER:


24.     For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Dawn Rottinghausl, please tell:

      a.     The principal balance of the award;

      b.     the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

ANSWER:

25     For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Connie Pontious, please tell:

      a.     The principal balance of the award;

      b.     the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

    ANSWER:

26     For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff John Donaldson, please tell:

      a.     The principal balance of the award;

      b.     the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

    ANSWER:

27     For the Arbitrator's Award that was entered in favor of MBNA America Bank and against Plaintiff Michelle Donaldson, please tell:

      a.     The principal balance of the award;

      b.     the amount of attorney's fees assessed against Plaintiff and in favor of MBNA America Bank.

    ANSWER:

28.     Please tell the name, title or position, and length of tenure with W&A of the person or persons who made the decision to have a non-Kansas attorney sign an arbitration claim to collect on Plaintiff Lee C. Feil's MBNA America Account.

ANSWER:

29.     Please tell the name, title or position, and length of tenure with W&A of the person or persons who made the decision to have a non-Kansas attorney sign an arbitration action to collect on Plaintiff Betty Parks's MBNA America Account.

ANSWER:

30      Please tell the name, title or position, and length of tenure with W&A of the person or persons who made the decision to have a non-Kansas attorney sign an arbitration action to collect on Plaintiff Audra Miller's MBNA America Account.

ANSWER:

31.     Please tell the name, title or position, and length of tenure with W&A of the person or persons who made the decision to have a non-Kansas attorney sign an arbitration action to collect on Plaintiff Dawn Rottinghaus MBNA America Account.

ANSWER:

32.     Please tell the name, title or position, and length of tenure with W&A of the person or persons who made the decision to have a non-Kansas attorney sign an arbitration action to collect on Plaintiff Connie Pontious MBNA America Account.

ANSWER:

33.     Please tell the name, title or position, and length of tenure with W&A of the person or persons who made the decision to have a non-Kansas attorney sign an arbitration action to collect on Plaintiff John Donaldson's MBNA America Account.

ANSWER:

34.     Please tell the name, title or position, and length of tenure with W&A of the person or persons who made the decision to have a non-Kansas attorney sign an arbitration action to collect on Plaintiff Michelle Donaldson's MBNA America Account.

ANSWER:

VERIFICATION

STATE OF _____ )
                                   ) ss.
COUNTY OF _____ )

      Under the penalty of perjury, I hereby affirm that I have each of the above and foregoing answers is true and correct to the best of my knowledge and belief.

WOLPOFF & ABRAMSON, LLP

By:_____
      Printed Name:

Subscribed and sworn to before me this ____ day of _____, 2005.

_____
Notary Public

IBNA/GOLD RSRV-OPTION/307-C/O  C    DF R ORG *WA 110079704 7 7 H    ) ACT
PONTIOUS,CONNIE M    1PRI   7422.∞ 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 103 AVE  083003
IBNA/MASTERCARD/210/CHG OFF/LI 002    R ORG CAN 110078082 7 7 FILE EXIST
PONTIOUS,CONNIE M    1PRI   33938.22 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 103 AVE  090203
IBNA/VISA/307-C/O ARB          003    R ORG CAN 110077684 7 7 FILE EXIST
PONTIOUS,CONNIE M    1PRI   25853.12 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 103 AVE  083003
IBNA/VISA/307-C/O ARB          004    R ORG CAN 110077675 7 7 FILE EXIST
PONTIOUS,CONNIE M    1PRI   31582.71 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 103 AVEN 091703   67 NDR